**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

MARCEL J. COOK,               )
    Petitioner,               )
                         )
       vs.                    )   Civil Action No. 98-247
                         )
RAYMOND J. SOBINA,           )
    Superintendent,           )
                         )
    Respondent.               )

## ORDER

On May 18, 2010, Petitioner Marcel J. Cook ("Cook") filed with this Court a Motion for Leave to Proceed in Forma Pauperis (Doc. No. 23) and a "Petition for an Order to Set-Aside Prior Habeas Action at Cook v. Sobina, WDPA No. 98-CV-00247, Order of Feburary [sic] 24, 1999, to Amend, and/or Appoint Federal Attorney, to Amended [sic], Pursuant to a Rule 60(b)(5) and (6), under Relief on a "Newly Rule" of Constitutional Law, That Relief from Judgment Changes Circumstance that Were Unavailable During Petitioner's Prior Habeas Action." (Doc. No. 24, "Petition.") The Motion and Petition were referred to Magistrate Judge Robert C. Mitchell who denied both motions on May 24, 2010, concluding that the Petition was untimely, there was no valid basis for proceeding under Fed. R. Civ. P. 60, and there was no indication that Cook's "new evidence" had been presented to the Pennsylvania state courts for consideration. Magistrate Judge Mitchell advised Petitioner that an appeal of this order must be made within fourteen days.

On May 27, 2010, Petitioner mailed a notice of appeal (Doc. No. 28) to the Court. Although he failed to state in his notice the grounds on which he was appealing Magistrate Judge Mitchell's decision, he subsequently filed both a "memorandum of law" (Doc. No. 25) and an "amended amendment of memorandum of law" (Doc. No. 26.) It appears from the content of the two memoranda that the second document does not replace but rather supplements the first. The Court has therefore considered the two memoranda as briefs in support of Cook's appeal.

As directed by Haines v Kerner, 404 U.S. 519 (1972), and more recently by Gonzalez v. Crosby, 545 U.S. 524 (2005), the Court has liberally construed the pleadings submitted by Cook, who is acting pro se. See Gonzalez, id. at 544 (Stevens, J., in dissent), noting that the Supreme Court has "never held pro se prisoners to the standards of counseled litigants," and Rainey v. Varner, 603 F.3d 189, ___, 2010 U.S. App. LEXIS 8510, *19 (3d Cir. 2010), noting that "a petition prepared by a prisoner without legal assistance may not be skillfully drawn and should thus be read generously."

Federal Rule of Civil Procedure 60(b)(5) and (6) on which Petitioner relies states:

> On motion and just terms, the court may relieve a party . . .from a final judgment. . .for the following reasons: . . . .(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Despite careful reading of Cook's pleadings, the Court can find no circumstances which satisfy Rule 60(b)(5) - that is, the judgment, i.e., a life sentence for second-degree murder, has certainly not been satisfied, released or discharged and the sentence itself was not based on an earlier judgment which has been vacated or reversed. We can discern no argument that applying this judgment prospectively is no longer equitable. Therefore, we turn to the catch-all provision of Rule 60(b)(6), i.e., that Cook has established some reason that justifies relief. We find none in his pleadings.

In his memorandum of law, Petitioner states:

this clarification is very important to pin point Petitioner's *sole challenge* in his Rule 60(b) motion[. M]ake no mistake about it[,] Petitioner's *sole challenge* is and has been District Court error in its order [denying] previous habeas action No.# 2:98-CV-00247 Cook v. Sobina was misapplied being time-barred, mentioned in Petitioner's Rule 60(b).

Memorandum of Law, Doc. No. 25, at 1 (emphasis added.)

On February 6, 1998, more than ten years after he was sentenced on September 29, 1986, Cook filed a petition for a writ of habeas corpus in this Court. On February 9, 1998, Magistrate Judge Mitchell determined that Cook's claims were time-barred; this Court adopted his Report and Recommendation on February 25, 1998. (*See* Doc. Nos. 3 and 4, respectively.) After Cook filed a motion to vacate those findings and his objections thereto, the Court denied the motion to vacate and re-adopted the Report and

Recommendation on March 25, 1998. (Doc. No. 8.) Cook appealed and the United States Court of Appeals for the Third Circuit summarily remanded the matter on October 30, 1998, directing the Court to review the state court record and determine if Cook's post-conviction appeal was pending within the meaning of 28 U.S.C. § 2244(d)(3), thus tolling the time period for filing for a writ of habeas corpus. (Doc. No. 10.)

On remand, Magistrate Judge Mitchell reviewed the record and issued a second report recommending that the petition be dismissed and a certificate of appealability be denied. (Doc. No. 18, dated January 26, 1999). Again the Court adopted Magistrate Judge Mitchell's recommendations over Cook's objections, and the case was closed on February 24, 1999. (Doc. No. 20.)[1]

Contrary to Cook's assertion that the Court denied his petition for a writ of habeas corpus solely because it was time barred, his substantive claims, i.e., that his guilty plea was unknowingly and involuntarily entered into, he was unconstitutionally denied the right to withdraw his guilty plea, and his counsel was ineffective, were clearly addressed in Magistrate Judge Mitchell's second Report and Recommendation. Therefore, the habeas corpus petition of February 6, 1998, was not

---

[1] We further note that on September 21, 2000, more than a year later, Cook filed a motion to vacate the Order of February 24, 1999. The Court denied the motion and reaffirmed its previous Order, but Cook did not appeal this decision. (*See* Doc. Nos. 21 and 22, respectively.)

dismissed on strictly procedural grounds but rather on its merits.

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." Gonzalez, 545 U.S. at 528. "A motion under Rule 60(b)[(4)-(6)] must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Even if we were to consider Cook's Petition and related pleadings a proper Rule 60(b) motion, it is certainly untimely. Moreover, courts have consistently "required a movant seeking relief under Rule 60(b)(6) to show "extraordinary circumstances" justifying the reopening of a final judgment. Gonzalez, 545 U.S. at 535. Petitioner has not argued that extraordinary circumstances apply to his case and the Court's review of his pleadings reveal nothing that could be considered as such.

AND NOW, this ___ /5 ℳ th day of June, 2010, after a petition to set aside the prior decision of this Court dated February 24, 1999, was filed by the Petitioner, Marcel J. Cook; after the Order of the United States Magistrate Judge was filed and Petitioner was granted fourteen (14) days in which to file written objections; after independent review of the Petition, Petitioner's notice of appeal and his memoranda of law in support thereof; and upon consideration of the Order of the Magistrate Judge finding no valid basis for proceeding under Federal Rule of Civil Procedure 60(b)(5) or (6), which conclusion is adopted and incorporated as the opinion of this

Court,

IT IS ORDERED that the petition of Marcel J. Cook at Doc. No. 24 seeking an Order of Court to set aside his prior habeas action, amend or correct his earlier petition, and appoint counsel is **DISMISSED** and a certificate of appealability is **DENIED**.

IT IS FURTHER ORDERED that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if Petitioner desires to appeal from this Order, he must do so within thirty (30) days by filing a notice of appeal as provided by Fed. R. App. P. 3.

The Clerk of Court is to mark this case **CLOSED** forthwith.

William L. Standish
United States District Court Judge

cc:  Marcel J. Cook
     DOC AJ-3114
     1100 Pike Street
     Huntingdon, PA 16654-1112

     Russell K. Broman, Esq.
     Office of the District Attorney
     401 Allegheny County Courthouse
     Pittsburgh, PA   15219

     Honorable Robert C. Mitchell
     United States Magistrate Judge (by ECF)

6